# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, HEALTHY GULF, LOUISIANA BUCKET BRIGADE, and RISE ST. JAMES<br><br>   *Plaintiffs,*<br><br>   v.<br><br>U.S. ARMY CORPS OF ENGINEERS and LIEUTENANT GENERAL TODD T. SEMONITE, in his official capacity as Commanding General, U.S. Army Corps of Engineers<br><br>   *Defendants.* | Civil Action No.: 1:20-cv-00103 (RDM) |

## FG LA LLC'S MOTION TO INTERVENE IN SUPPORT OF DEFENDANTS

ALEXANDER N. BRECKENRIDGE V
D.C. Bar No. 983736
JONES WALKER, LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8000
Facsimile: (504) 589-8583

*Attorneys for FG LA LLC*

{N3960554.2}

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................. ii

I.  FG IS ENTITLED TO INTERVENE AS OF RIGHT ........................................................ 1

    A.  FG's motion to intervene is timely ........................................................................ 2

    B.  FG has a direct interest in this action .................................................................... 3

    C.  Disposition of this action will impair FG's ability to protect its interest ................. 3

    D.  FG's interests are not adequately protected by the existing parties ......................... 4

II. IN THE ALTERNATIVE, FG SHOULD BE ALLOWED TO INTERVENE PERMISSIVELY ................................................................................................................ 5

III. CONCLUSION .................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*100Reporters LLC v. U.S. DOJ*,
   307 F.R.D. 269 (D.D.C. 2014) ................................................................................................3

*Akiachak Native Cmty. v. U.S. DOI*,
   584 F. Supp. 2d 1 (D.D.C. 2008) .............................................................................................3

(*) *Amador Cty., Cal. v. U.S. DOI*,
   772 F.3d 901 (D.C. Cir. 2014) .................................................................................................2

(*) *Ark. Nature All. v. United States Army Corps of Eng'rs*,
   No. 4:05CV00622 GH, 2005 U.S. Dist. LEXIS 35154 (E.D. Ark. Aug. 29,
   2005) ........................................................................................................................................2

(*) *Black Warrior Riverkeeper, Inc. v. United States Army Corps of Eng'rs*,
   No. 2:15-cv-01893-JEO, 2017 U.S. Dist. LEXIS 217447 (N.D. Ala. Apr. 14,
   2017) ........................................................................................................................................2

(*) *Citizens for Balanced Use v. Mont. Wilderness Ass'n*,
   647 F.3d 893 (9th Cir. 2011) ...................................................................................................2

(*) *City of Dania Beach v. United States Army Corps of Eng'rs*,
   No. 12-60989-CIV-COHN/ROSENBAUM, 2012 U.S. Dist. LEXIS 81625
   (S.D. Fla. June 13, 2012) .........................................................................................................2

*Crossroads Grassroots Policy Strategies v. FEC*,
   788 F.3d 312 (D.C. Cir. 2015) .................................................................................................4

*Edwards v. City of Houston*,
   78 F.3d 983 (5th Cir. 1996) .....................................................................................................3

(*) *Friends of the Capital Crescent Trail v. United States Army Corps of Eng'rs*,
   No. PJM 19-106, 2019 U.S. Dist. LEXIS 119772 (D. Md. July 18, 2019) ..........................2, 5

*Fund for Animals, Inc. v. Norton*,
   322 F.3d 728 (D.C. Cir. 2003) .................................................................................................4

*Hardin v. Jackson*,
   600 F. Supp. 2d 13 (D.D.C. 2009) ...........................................................................................5

(*) *Ohio Valley Envtl. Coal. v. United States Army Corps of Eng'rs*,
   243 F.R.D. 253 (S.D. W. Va. 2007) ........................................................................................2

*S.E.C. v. Stanford Int'l Bank, Ltd.*,
   429 F. App'x 379 (5th Cir. 2011) ............................................................................................5

*Sault Ste. Marie Tribe of Chippewa Indians v. Bernhardt*,
   331 F.R.D. 5 (D.D.C. April 24, 2019) ................................................................................2

*Sierra Club v. U.S. EPA*,
   995 F.2d 1478 (9th Cir. 1993) ...........................................................................................3

*Solid Waste Agency of Northern Cook County v. United States Army Corps of Engineers*,
   163 F.R.D. 268 (N.D. Ill. 1995), affirmed in part, 101 F.3d 503 (7th Cir. 1996) .......................3

(*) *Sw. Ctr. for Biological Diversity v. Berg*,
   268 F.3d 810 (9th Cir. 2001) ..............................................................................................2

(*) *Town of Abita Springs v. United States Army Corps of Eng'rs*,
   No. 15-0451, 2015 U.S. Dist. LEXIS 191950 (E.D. La. Sep. 24, 2015) ...................................2

*Wash. All. of Tech. Workers v. United States Dep't of Homeland Sec.*,
   395 F. Supp. 3d 1 (D.D.C. 2019) ........................................................................................5

**Other Authorities**

Federal Rule of Civil Procedure 24 ...................................................................................1, 3, 4, 5

Local Rule 7(m) ...........................................................................................................................1

FG LA LLC ("FG") respectfully moves for leave to intervene in this matter as of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Rule 24(b)(1)(B). FG has conferred with counsel for plaintiffs and the Federal defendants pursuant to Local Rule 7(m). Plaintiffs do not oppose the proposed intervention by FG. The Federal defendants take no position on FG's proposed intervention.

On September 5, 2019, the U.S. Army Corps of Engineers (the "Corps") issued Permit No. MVN-2018-00159-CM to FG pursuant to Section 404 of the Clean Water Act ("CWA") and Section 10 of the Rivers and Harbors Act ("RHA"). Permit No. MVN-2018-00159-CM and other authorizations issued by the Corps to FG are collectively referred to as the "Permit." The Permit authorizes FG to conduct activity in connection with the construction of a petrochemical complex and marine facility ("The Sunshine Project" or the "Facility") to be located on the Mississippi River in St. James Parish, Louisiana.

Plaintiffs filed this suit against the Corps and Lieutenant General Todd T. Semonite, in his official capacity as Commanding General of the Corps. Plaintiffs ask the Court to declare that the Permit violates the CWA, the RHA, and other statutes, and to vacate the Permit.[1]

## I.     FG IS ENTITLED TO INTERVENE AS OF RIGHT

Pursuant to Federal Rule of Civil Procedure 24(a)(2), "the court must permit anyone to intervene" (i) who timely moves to intervene, (ii) who "claims an interest relating to the property or transaction that is the subject of the action," (iii) who "is so situated that disposing of the action may as a practical matter impair the movant's ability to protect its interest," and (iv) whose

---

[1] Plaintiffs do not specifically identify the Permit, by its permit number, in the complaint. Rather, they generally request that the Court vacate the "permits and authorizations" issued by the Corps to FG.

interests are not adequately protected by the existing parties.  *See Amador Cty., Cal. v. U.S. DOI*, 772 F.3d 901, 903 (D.C. Cir. 2014) (*citing Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008)).  The requirements for intervention of right are "broadly interpreted in favor of intervention," *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011), and the Court's "review is guided primarily by practical considerations, not technical distinctions," *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (internal quotations and citations omitted).

As explained below, FG satisfies each of these factors.  Moreover, allowing FG to intervene of right in this case would be consistent with the numerous instances where federal courts have allowed holders of Corps permits to intervene in litigation challenging those permits.  *See, e.g., Black Warrior Riverkeeper, Inc. v. United States Army Corps of Eng'rs*, No. 2:15-cv-01893-JEO, 2017 U.S. Dist. LEXIS 217447, at *3 (N.D. Ala. Apr. 14, 2017); *Ohio Valley Envtl. Coal. v. United States Army Corps of Eng'rs*, 243 F.R.D. 253, 257 (S.D. W. Va. 2007); *City of Dania Beach v. United States Army Corps of Eng'rs*, No. 12-60989-CIV-COHN/ROSENBAUM, 2012 U.S. Dist. LEXIS 81625, at *7 (S.D. Fla. June 13, 2012); *Ark. Nature All. v. United States Army Corps of Eng'rs*, No. 4:05CV00622 GH, 2005 U.S. Dist. LEXIS 35154, at *10 (E.D. Ark. Aug. 29, 2005); *Town of Abita Springs v. United States Army Corps of Eng'rs*, No. 15-0451, 2015 U.S. Dist. LEXIS 191950, at *9 (E.D. La. Sep. 24, 2015); *Friends of the Capital Crescent Trail v. United States Army Corps of Eng'rs*, No. PJM 19-106, 2019 U.S. Dist. LEXIS 119772, at *8 (D. Md. July 18, 2019).

A.     **FG's motion to intervene is timely**

The timeliness of a motion to intervene is judged "in consideration of all the circumstances, including the need for intervention as a means of preserving the applicant's rights and the probability of prejudice to those already parties in the case."  *See Sault Ste. Marie Tribe of*

*Chippewa Indians v. Bernhardt*, 331 F.R.D. 5, 12 (D.D.C. April 24, 2019) (internal quotations omitted); *see also 100Reporters LLC v. U.S. DOJ*, 307 F.R.D. 269, 274 (D.D.C. 2014). In considering whether a motion to intervene is timely, the most significant factor is whether the intervention will cause prejudice to any of the parties. *See Akiachak Native Cmty. v. U.S. DOI*, 584 F. Supp. 2d 1, 5 (D.D.C. 2008).

FG's motion is timely. Plaintiffs filed their complaint on January 15, 2020. The Corps has not yet responded to the complaint, nor has issue been otherwise joined. FG's intervention at the outset of the litigation will not delay the lawsuit or prejudice any of the parties.

**B.     FG has a direct interest in this action**

FG has a direct, substantial, and legally protectable interest relating to the property and the Permit that are the subject of this action. As the holder of the Permit that Plaintiffs' challenge and the entity that will perform operations pursuant to the Permit, FG's interest satisfies Rule 24(a)(2). *See, Edwards v. City of Houston,* 78 F.3d 983, 1004 (5th Cir. 1996); *Solid Waste Agency of Northern Cook County v. United States Army Corps of Engineers*, 163 F.R.D. 268, 270-271 (N.D. Ill. 1995), affirmed in part, 101 F.3d 503 (7th Cir. 1996); *Sierra Club v. U.S. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993) (intervention was appropriate because the intervenor's discharge permits, which were obtained pursuant to the Clean Water Act, created a legally protectable interest that related to the subject of the litigation).

**C.     Disposition of this action will impair FG's ability to protect its interest**

FG has already made considerable expenditures toward its $9.4 billion investment to construct The Sunshine Project, which will be an ethylene and propylene production facility in St. James Parish, Louisiana. Once constructed, FG plans to invest between $300 and $500 million per year to operate the Facility. This level of investment will involve: (1) over 8,000 construction jobs at peak; (2) over 3,400 construction jobs created in the St. James Parish area during

construction; and (3) approximately 1,200 new direct jobs at the facility once both phases are complete. FG has invested substantial sums of money to obtain the Permit, and other necessary permits, to develop the Facility. As owner of the property and holder of the Permit, FG is so situated that the disposition of this action will as a practical matter impair or impede its ability to protect its interest in the property, the Permit, and the subject Facility. In this action, Plaintiffs seek a judgment vacating the Permit and other authorizations related to the Facility. Obviously, if this relief were granted, FG's development plans for The Sunshine Project would be impaired or impeded.

### D. FG's interests are not adequately protected by the existing parties

The burden to demonstrate that current parties in the litigation cannot adequately represent a proposed intervenor's interests is "not onerous." Indeed, "[t]he Supreme Court has held that this 'requirement [of Rule 24(a)(2)] is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.'" *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (*quoting Trbovich v. United Mine Workers*, 404 U.S. 528, 538 (1972)). Notably, "partial congruence of interests … does not guarantee the adequacy of representation." *Id.* at 737. Further, courts have "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors." *Id.* at 736. This is particularly true where, as here, the proposed intervenor is directly regulated by the governmental party. *See Fund for Animals*, 322 F.3d at 737 (governmental defendant could not adequately represent interests of proposed intervenor); *Crossroads Grassroots Policy Strategies*

*v. FEC*, 788 F.3d 312, 321 (D.C. Cir. 2015) ("We look skeptically on governing entities serving as adequate advocates for private parties.").[2]

FG has a direct ownership and financial interest in the property and Permit that the Corps does not share.  Recently, a federal judge in the District of Maryland noted that a Corps permit holder seeking to intervene in a challenge to that permit "will be much more deeply affected by an adverse outcome in this case than the current defendants" and found intervention appropriate. *Friends of the Capital Crescent Trail v. U.S. Army Corps of Eng'rs*, No. PJM 19-106, 2019 U.S. Dist. LEXIS 119772 at *8 (D. Md. Jul. 18, 2019) (applying Rule 24(b) standards).  In short, the Corps cannot adequately represent the interests of FG in this litigation because it is differently situated than FG and will be differently affected by a potential adverse outcome.  Only FG can adequately protect its property and financial interests.

## II.   IN THE ALTERNATIVE, FG SHOULD BE ALLOWED TO INTERVENE PERMISSIVELY

In the alternative, FG should be allowed to intervene under Rule 24(b)(1)(B), which allows the Court, in its discretion, to permit intervention by an entity that "has a claim or defense that shares with the main action common questions of law or fact."  Even in cases where a proposed intervenor is not eligible for intervention as of right, permissive intervention is appropriate where the proposed intervenor has a claim or defense that shares a common question of law or fact with the main action and where intervention will not unduly prejudice or delay the action.  *See S.E.C.*

---

[2] *See also, Wash. All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 395 F. Supp. 3d 1, 20-21 (D.D.C. 2019), ("it is well-established that governmental entities generally cannot represent the more narrow and parochial financial interest of a private party …. [T]herefore, the Court is satisfied that the Organizations have made the requisite minimal showing that the Government may not adequately represent the Organizations' interests[.]" (internal quotations and citations omitted)); *Hardin v. Jackson*, 600 F. Supp. 2d 13, 16 (D.D.C. 2009) (*citing Fund for Animals*, 322 F.3d at 736).

*v. Stanford Int'l Bank, Ltd.*, 429 F. App'x 379, 382 (5th Cir. 2011). FG seeks to defend the legal validity of the Permit at issue. Those defenses share questions of law and fact common with the main action—*i.e.*, the claims challenging whether the Corps properly issued the Permit. Moreover, intervention would cause no delay or prejudice because FG would be participating from the action's inception. Thus, FG should be permitted to intervene even if the Court disagrees that it is entitled to intervene as of right.

### III.  CONCLUSION

Whether as of right or permissively, FG should be allowed to intervene in this action for the reasons stated above.

Dated: February 4, 2020                    Respectfully submitted:

*s/Alexander N. Breckenridge V*
ALEXANDER N. BRECKINRIDGE V
DC Bar No. 983736

JONES WALKER, LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8138
Facsimile: (504) 589-8138

*Attorneys for FG LA LLC*

**CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 7(m)**

I hereby certify that we contacted counsel for plaintiffs and the Federal defendants regarding "FG LA LLC's Motion to Intervene on Behalf of Defendants." Plaintiffs do not oppose the proposed intervention by FG. The Federal defendants take no position on FG's proposed intervention.

*s/Alexander N. Breckenridge V*
ALEXANDER N. BRECKINRIDGE V
DC Bar No. 983736

JONES WALKER, LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8138
Facsimile: (504) 589-8138