JACQUELINE LEONARD (NY Bar No. 5020474)
Natural Resources Section
Jacqueline.leonard@usdoj.gov
(202) 305-0493
ANDREW KNUDSEN (DC Bar No. 1019697)
Andrew.knudsen@usdoj.gov
(202) 353-7466
Environmental Defense Section
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC 20044-7611

*Attorneys for Federal Defendants*

CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,

Plaintiffs,

v.

U.S. ARMY CORPS OF ENGINEERS, *et al.*

Federal Defendants,

and

FG LA LLC,

Defendant-Intervenors.

Civil Case No. 1:20-cv-103-RDM

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Federal Defendants the United States Army Corps of Engineers ("the Corps") and Lieutenant General Todd T. Semonite in his official capacity as Commanding General, U.S. Army Corps of Engineers (together, "Federal Defendants"), by and through their undersigned counsel, submit the following Answer to the claims and allegations set forth in Plaintiffs' Complaint for Declaratory and Injunctive Relief (ECF No. 1). The numbered paragraphs in this Answer correspond to the numbered

paragraphs in Plaintiffs' Complaint.

Federal Defendants deny any and all allegations of Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, qualified, or denied by this Answer.

## INTRODUCTION

1.   The allegations set forth in Paragraph 1 of the Complaint constitute characterizations of Plaintiffs' case, to which no response is required.  To the extent a response is required, the allegations are denied.

2.   Federal Defendants lack sufficient knowledge to admit or deny the allegations in the first and second sentences of Paragraph 2.  To the extent a response is required, the allegations are denied.  The allegations in the third sentence purport to characterize a magazine article, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the magazine article, they are denied.  Federal Defendants aver that the magazine article post-dates the final agency action in this case and is not part of the administrative record.  The allegations in the fourth and fifth sentences are vague and are therefore denied.

3.   As to the first sentence of Paragraph 3, Federal Defendants admit that the proposed project site is located along the Mississippi River and that some portion of the project site was formerly the site of two 19th-century sugar plantations.  Federal Defendants deny the remainder of the allegations in the first sentence of Paragraph 3.  Federal Defendants lack sufficient information to admit or deny the allegations in the second sentence of Paragraph 3.  To the extent a response is required, the allegations in the second sentence are denied.  The allegations set forth in the third and fourth sentences of Paragraph 3 are vague and are therefore denied.

4.   As to the first sentence of Paragraph 4, Federal Defendants admit that the project includes

construction of a facility that will fabricate plastic materials used to manufacture consumer products.  Federal Defendants deny the remainder of the allegations in the first sentence of Paragraph 4.  Federal Defendants deny the allegations in the second sentence of Paragraph 4.

5.   Federal Defendants deny the allegations set forth in Paragraph 5.

6.   As to the first, second, third, and fourth sentences of Paragraph 6, Federal Defendants lack sufficient information to admit or deny the allegations.  To the extent a response is required, the allegations are denied.  Federal Defendants deny the allegations in the fifth sentence of Paragraph 6.

7.   Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 7.  To the extent a response is required, the allegations are denied. To the extent the allegations in Paragraph 7 characterize documents in the administrative record, those documents speak for themselves and are the best evidence of their contents.

8.   The allegations set forth in Paragraph 8 are vague and are therefore denied.

9.   As to the first sentence of Paragraph 9, Federal Defendants admit that some portion of the project site was formerly the site of two 19th-century sugar plantations.  Federal Defendants deny the remainder of the allegations in the first sentence of Paragraph 9.  The allegations in the second sentence of Paragraph 9 purport to characterize the Corps' decision document associated with the permit and its supporting materials, as well as information from the State of Louisiana, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the Corps' decision document and supporting materials and the information provided by Louisiana, the allegations are denied.

10.  Federal Defendants admit the first sentence of Paragraph 10.  Federal Defendants deny the second sentence of Paragraph 10.  As to the third sentence of Paragraph 10, Federal

Defendants admit the third sentence but aver that one permit was issued under Section 10 of the Rivers and Harbors Act, rather than multiple "required authorizations."

11. The allegations set forth in the first sentence of Paragraph 11 constitute characterizations of Plaintiffs' case, to which no response is required.  To the extent a response is required, the allegations are denied.  Federal Defendants admit that the Corps did not prepare an EIS.  The remaining allegations in the second sentence of Paragraph 11, and the allegations in the third sentence of Paragraph 11 are denied.

12. The allegations set forth in Paragraph 12 are denied.

13. The allegations set forth in Paragraph 13 are denied.

14. The allegations set forth in Paragraph 14 consist of characterizations of the relief sought by Plaintiffs in this case, to which no response is required.  To the extent a response is required, the Federal Defendants deny Plaintiffs are entitled to the relief requested or any relief whatsoever.

## JURISDICTION AND VENUE

15.  The allegations set forth in Paragraph 15 of the Complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

16. The allegations set forth in Paragraph 16 consist of legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

## PARTIES

17. Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint.  To the extent a response is required, the allegations are denied.

18. Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 18.  To the extent a response is required, the allegations are denied.

19. Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 19.  To the extent a response is required, the allegations are denied.

20. Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 20.  To the extent a response is required, the allegations are denied.

21. Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 21.  To the extent a response is required, the allegations are denied.

22. Federal Defendants lack sufficient information to admit or deny the allegations set forth in Paragraph 22.  To the extent a response is required, the allegations are denied.

23. Federal Defendants lack sufficient information to admit or deny the allegations set forth in Paragraph 23.  To the extent a response is required, the allegations are denied.

24. Federal Defendants lack sufficient information to admit or deny the allegations set forth in Paragraph 24.  To the extent a response is required, the allegations are denied.

25. Federal Defendants lack sufficient information to admit or deny the allegations in the first and second sentences in Paragraph 25.  To the extent a response is required, the allegations are denied.  As to the third sentence of Paragraph 25, Federal Defendants deny that the Plaintiffs submitted comments to the Corps on "the draft Clean Water Act and Rivers and Harbors Act permits and Formosa's Environmental Assessment Statement (the draft Environmental Assessment submitted by Formosa)."  Federal Defendants aver that Plaintiffs submitted comments on the August 27, 2018 public notice for the permit application.  The remaining allegations in the third sentence are vague and are therefore denied.

26. The allegations set forth in Paragraph 26 are denied.

27. The allegations set forth in Paragraph 27 are denied.

28. Federal Defendants admit the first and second sentences of Paragraph 28.  As to the third

sentence of Paragraph 28, Federal Defendants admit that the Corps is authorized by federal law to issue permits and authorizations for activities involving the discharge of dredged or fill materials into waters of the United States, including wetlands, upon satisfaction of certain conditions. To the extent that the allegations in the third sentence of this Paragraph inaccurately characterize the Corps' responsibilities or are inconsistent with delegation of authority or federal law, they are denied.

29. As to the first sentence of Paragraph 29, Federal Defendants admit that Lieutenant General Todd T. Semonite is the Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers. The remaining allegations in the first sentence of Paragraph 29 constitute characterizations of Plaintiffs' case, to which no response is required. As to the second and third sentences of Paragraph 29, Federal Defendants admit that the Chief of Engineers and Commanding General has duties assigned or delegated to him by federal law or policy. To the extent that the allegations in the second and third sentences inaccurately characterize the responsibilities of the Chief of Engineers and Commanding General as delegated or specified by federal law or regulations or policy, they are denied. Federal Defendants admit the allegations in the fourth sentence of Paragraph 29.

30. The allegations set forth in Paragraph 30 are denied.

## STATUTORY BACKGROUND

31. Paragraph 31 of the Complaint purports to quote or characterize federal statutes, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the federal statutes, they are denied.

32. Paragraph 32 purports to quote or characterize federal statutes and regulations, which speak for themselves and are the best evidence of their content. To the extent the allegations are

inconsistent with the federal statutes or regulations, they are denied.

33. Paragraph 33 purports to characterize federal statutes and regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the federal statutes or regulations, they are denied.

34. Paragraph 34 purports to quote or characterize federal statutes, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the federal statutes, they are denied.

35. Paragraph 35 purports to quote or characterize federal regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the federal regulations, they are denied.

36. Paragraph 36 purports to quote or characterize federal regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the federal regulations, they are denied.

37.  Paragraph 37 purports to quote or characterize federal statutes and regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the federal statutes or regulations, they are denied.

38. Paragraph 38 purports to quote or characterize federal statutes and regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the federal statutes or regulations, they are denied.

39. Paragraph 39 purports to quote or characterize federal statutes and regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the federal statutes or regulations, they are denied.

40. Paragraph 40 purports to characterize federal regulations, which speak for themselves and

are the best evidence of their content.  To the extent the allegations are inconsistent with the federal regulations, they are denied.

41. Paragraph 41 purports to quote or characterize federal regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the federal regulations, they are denied.

42. Paragraph 42 purports to quote or characterize a federal regulation, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the federal regulation, they are denied.

43. The first sentence of Paragraph 43 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The second sentence of Paragraph 43 characterizes Executive Order 12,898, which speaks for itself and is the best evidence of its content.  To the extent the allegation is inconsistent with the Executive Order, it is denied.

44. Paragraph 44 purports to characterize federal regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the federal regulations, they are denied.

45. Paragraph 45 purports to characterize a federal statute, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the federal statute, they are denied.

46. Paragraph 46 purports to quote or characterize a federal statute, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the federal statute, they are denied.

47. Paragraph 47 purports to quote or characterize a federal statute and federal regulations,

which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the federal statute or regulations, they are denied.

48. Paragraph 48 purports to quote or characterize a federal regulation, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the federal regulation, they are denied.

49. Paragraph 49 purports to quote or characterize the National Park Service's National Register Bulletin 41, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the National Register Bulletin 41, they are denied.

50. Paragraph 50 purports to quote or characterize a federal statute and federal regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the federal statute or regulations, they are denied.

51. Paragraph 51 purports to characterize a federal statute, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the federal statute, they are denied.

52.  Paragraph 52 purports to quote or characterize a federal statute, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the federal statute, they are denied.

## FACTS AND PROCEDURAL BACKGROUND

53. Federal Defendants admit that the project includes construction of a facility that will fabricate plastic materials used to manufacture consumer products.  Federal Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 53 of the Complaint.  To the extent a response is required, those remaining allegations are denied.

54. Federal Defendants lack sufficient information to admit or deny the allegations in

Paragraph 54.  To the extent a response is required, the allegations are denied.

55. Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 55.  To the extent a response is required, the allegations are denied.

56. As to the first sentence of Paragraph 56, Federal Defendants admit that the project site is on fields and wetlands along the Mississippi River and that some portion of the project site was formerly the site of two 19th-century sugar plantations.  Federal Defendants deny the remaining allegations in the first sentence of Paragraph 56.  Federal Defendants aver that the proposed project is situated on an approximately 2,319-acre site, of which approximately 1,500 acres will be developed for the project, and that the site is currently a large agricultural farm which grows sugarcane and other crops for sale.  As to the second sentence of Paragraph 56, Federal Defendants admit the project site contains 909 acres of jurisdictional forested and herbaceous wetlands and other waters of the United States, and that migratory birds and bald eagle nests may be present in the project area.  Federal Defendants lack sufficient information to admit or deny the remaining allegations in the second sentence of Paragraph 56.  To the extent a response is required, those allegations are denied.  As to the third sentence of Paragraph 56, Federal Defendants admit that the Pallid sturgeon has the potential to occur in the vicinity of the project site.  Federal Defendants deny the remaining allegations in the third sentence of Paragraph 56.

57. As to the first sentence of Paragraph 57, Federal Defendants admit that the Plastics Facility would include the construction of a $9.4 billion petrochemical complex.  Federal Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 57.  To the extent a response is required, those allegations are denied.

58. As to the first sentence of Paragraph 58, Federal Defendants admit that construction of the Plastics Facility would permanently impact 61.7 acres of wetlands.  Federal Defendants deny

the remaining allegations in the first sentence of Paragraph 58.  Federal Defendants aver that the Plastics Facility would permanently impact 54.5 acres of other waters of the United States.  The allegations in the second, third, and fourth sentences of Paragraph 58 are vague and are therefore denied.  Federal Defendants lack sufficient information to admit or deny whether the photograph included in Paragraph 58 depicts "[t]he site of the proposed Plastics Facility."  To the extent a response is required, Federal Defendants deny that this photograph depicts the site of the proposed facility.

59. The allegations in Paragraph 59 are vague and are therefore denied.

60. The allegations in Paragraph 60 are vague and are therefore denied.

61. The allegations set forth in the first, second, and third sentences of Paragraph 61 are vague and are therefore denied.  Federal Defendants deny the allegations in the fourth sentence of Paragraph 61.

62. The allegations in Paragraph 62 are vague and are therefore denied.

63. The allegations in the first and fifth sentences of Paragraph 63 are vague and are therefore denied.  Federal Defendants lack sufficient information to admit or deny the allegations in the second sentence of Paragraph 63.  To the extent a response is required, those allegations are denied.  The allegations in the third and fourth sentences of Paragraph 63 purport to characterize an unrelated court decision, which speaks for itself and is the best evidence of its content.  To the extent the allegations in the third and fourth sentences are inconsistent with that decision, they are denied.

64. Federal Defendants deny the allegations in the first sentence of Paragraph 64.  Federal Defendants admit the allegations in the second sentence of Paragraph 64.

65. The allegations in the first and second sentences of Paragraph 65 purport to characterize

the decision document associated with the permit, which speaks for itself and is the best evidence

of its content.  To the extent the allegations are inconsistent with the decision document, they are

denied.  The allegations in the third sentence of Paragraph 65 purport to characterize unspecified

documents from the State of Louisiana.  The allegations are vague and are therefore denied.

66. Federal Defendants deny the allegations in Paragraph 66 and aver that the former Acadia

Cemetery is located within other waters of the United States.

67. The allegations in Paragraph 67 purport to characterize the decision document associated

with the permit, which speaks for itself and is the best evidence of its content.  To the extent the

allegations are inconsistent with the decision document, they are denied.

68. The allegations in Paragraph 68 purport to characterize the decision document associated

with the permit, which speaks for itself and is the best evidence of its content.  To the extent the

allegations are inconsistent with the decision document, they are denied.

69. The allegations in the first sentence of Paragraph 69 purport to characterize documents

submitted by the Corps to the State Historic Preservation Office ("SHPO") and the tribal liaison,

which speak for themselves and are the best evidence of their content.  To the extent the

allegations are inconsistent with those documents, they are denied.  The allegations in the second

sentence purport to characterize the Corps' decision document, which speaks for itself and is the

best evidence of its content.  To the extent the allegations are inconsistent with that document,

they are denied.  Federal Defendants aver that the Corps submitted its determination to the SHPO

on January 28, 2019, and that the SHPO's concurrence letters were dated October 29, 2018, and

November 9, 2018.  The decision document contained a clerical error regarding these dates.

70. The allegations in Paragraph 70 purport to characterize the decision document associated

with the permit, which speaks for itself and is the best evidence of its content.  To the extent the

allegations are inconsistent with the decision document, they are denied.

71. The allegations in Paragraph 71 purport to characterize unspecified "[p]ublic records released by the State Division of Archeology [*sic*]."  The allegations in Paragraph 71 are vague and are therefore denied.

72. Federal Defendants admit the allegations in the first sentence of Paragraph 72.  As to the second sentence of Paragraph 72, Federal Defendants deny that Plaintiff Healthy Gulf submitted a letter.  Federal Defendants admit the remaining allegations in the second sentence of Paragraph 72.  As to the third sentence of Paragraph 72, Federal Defendants admit that the Corps has not responded to the December 18, 2019 letter and deny the remaining allegations.

73. As to the first sentence of Paragraph 73, Federal Defendants aver that the population in the vicinity of the project site is 50 percent or more African American.  Federal Defendants deny that the federal action will affect historic and cultural resources or have a disproportionately high or adverse human health or environmental effect on minority or low-income populations. Federal Defendants lack sufficient information to admit or deny the remaining allegations in the first sentence of Paragraph 73.  To the extent a response is required, those allegations are denied. As to the second sentence of Paragraph 73, Federal Defendants admit that the project site is in St. James Parish and within a 2-mile radius of an 87 percent minority population.  Federal Defendants lack sufficient information to admit or deny the remaining allegations in the second sentence of Paragraph 73.  To the extent a response is required, those allegations are denied.  As to the third sentence of Paragraph 73, Federal Defendants aver that the project site is about one mile from a school and a church, and deny the remaining allegations.  The allegations in the fourth sentence of Paragraph 73 are vague and are therefore denied.

74. The allegations in the first sentence of Paragraph 74 characterize unspecified data from

the U.S. Environmental Protection Agency.  These allegations are vague and are therefore denied.  The second and third sentences of Paragraph 74 are vague and are therefore denied.

75. Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 75.  To the extent a response is required, the allegations are denied.

76. Federal Defendants admit that the Corps issued a joint notice with the Louisiana Department of Environmental Quality ("LDEQ") on August 27, 2018.  The remaining allegations in Paragraph 76 purport to characterize the joint notice, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the joint notice, they are denied.

77. Federal Defendants admit the allegations in Paragraph 77.

78. The allegations in Paragraph 78 purport to characterize the joint notice issued by the Corps and the LDEQ, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the joint notice, they are denied.  Federal Defendants aver that the Corps sent copies of its archaeologist's determination, not the Joint Notice, to the State Archaeologist which is also referred to as the SHPO.

79. The allegations in Paragraph 79 purport to characterize comments submitted to the Corps by some of the Plaintiffs, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those comments, they are denied.

80. Federal Defendants admit the allegations in Paragraph 80.

81. Federal Defendants admit the allegations in Paragraph 81.

82. Federal Defendants admit that the Corps authorized permanent impacts to approximately 53.2 acres of jurisdictional herbaceous wetlands, 8.5 acres of forested wetlands, and 54.5 acres of other waters of the United States.  Federal Defendants deny the remaining allegations of

Paragraph 82.

83. The allegations in Paragraph 83 purport to characterize the decision document associated with the permit, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the permit and associated decision document, they are denied.

84. The allegations in Paragraph 84 purport to characterize the permit and associated decision document, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the permit and associated decision document, they are denied.

85. Federal Defendants deny the allegations in Paragraph 85.

86. The allegations in the first sentence of Paragraph 86 purport to characterize the decision document associated with the permit, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the decision document, they are denied.  Federal Defendants deny the allegations in the second sentence of Paragraph 86.  In addition, Federal Defendants deny all allegations of a violation of law.

87. The allegations in Paragraph 87 purport to characterize the decision document associated with the permit, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the decision document, they are denied.

## FIRST CAUSE OF ACTION: VIOLATION OF THE APA AND NEPA

### Failure to Prepare an Environmental Impact Statement

88.  Federal Defendants incorporate by reference all prior paragraphs in this Answer.

89.  Paragraph 89 purports to characterize a federal statute, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the federal statute, they are denied.

90. Paragraph 90 consists of legal conclusions, to which no response is required.  To the

extent a response is required, the allegations are denied.

91. Paragraph 91 purports to characterize a federal regulation, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the federal regulation, they are denied.

92. Paragraph 92 consists of legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

93. Federal Defendants admit that the Corps determined that its permit action would not have a significant environmental impact and therefore did not prepare an EIS, but deny all remaining allegations in Paragraph 93.

94. Federal Defendants deny the allegations in Paragraph 94.

### SECOND CAUSE OF ACTION: VIOLATION OF THE APA AND NEPA
### Issuance of Inadequate Environmental Assessment and Finding of No Significant Impact

95. Federal Defendants incorporate by reference all prior paragraphs in this Answer.

96.  Paragraph 96 of the Complaint purports to quote and characterize federal regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the federal regulations, they are denied.

97. Federal Defendants deny the allegations in Paragraph 97.

98. Paragraph 98 of the Complaint purports to quote and characterize federal regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the federal regulations, they are denied.

99. Federal Defendants deny the allegations in Paragraph 99.

100.      Federal Defendants deny the allegations in Paragraph 100.

101.      Federal Defendants deny the allegations in Paragraph 101.

102.      The first and second sentences of Paragraph 102 purport to characterize federal

regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the federal regulations, they are denied. The third sentence consists of legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

103.     Federal Defendants deny the allegations in Paragraph 103.

104.     The allegations in the first, second, and fourth sentences of Paragraph 104 of the Complaint purport to characterize the alternatives analysis in the Environmental Assessment, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the alternatives analysis in the Environmental Assessment, they are denied. The allegations in the third sentence of Paragraph 104 are denied.

105.     Federal Defendants deny the allegations in Paragraph 105.

106.     The allegations in Paragraph 106 of the Complaint purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.  To the extent a response is required, the allegations are denied.

107.     Federal Defendants deny the allegations in Paragraph 107.

108.     Federal Defendants deny the allegations in Paragraph 108.

### THIRD CAUSE OF ACTION: VIOLATION OF THE RIVERS AND HARBORS ACT, CLEAN WATER ACT, AND APA

#### Arbitrary and Inadequate Public Interest Review

109.     Federal Defendants incorporate by reference all prior paragraphs in this Answer.

110.     The allegations in the first, second, third, and fourth sentences of Paragraph 110 of the Complaint purport to quote and characterize a federal regulation, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the federal regulation, they are denied.  Federal Defendants deny the allegations in the fifth sentence

of Paragraph 110.

111.　　　Federal Defendants deny the allegations in Paragraph 111.

112.　　　Federal Defendants deny the allegations in the first sentence of Paragraph 112.

The allegations in the second sentence of Paragraph 112 consist of legal conclusions, to which no

response is required.  To the extent a response is required, the allegations are denied.

113.　　　Federal Defendants deny the allegations in Paragraph 113.

114.　　　Federal Defendants deny the allegations in Paragraph 114.

## FOURTH CAUSE OF ACTION: VIOLATION OF THE CLEAN WATER ACT AND APA

### Arbitrary Assessment of Project Alternatives

115.　　　Federal Defendants incorporate by reference all prior paragraphs in this Answer.

116.　　　Paragraph 116 purports to characterize federal regulations, which speak for

themselves and are the best evidence of their content.  To the extent the allegations are

inconsistent with the federal regulations, they are denied.

117.　　　Paragraph 117 purports to quote or characterize federal regulations, which speak

for themselves and are the best evidence of their content.  To the extent the allegations are

inconsistent with the federal regulations, they are denied.

118.　　　Federal Defendants admit the allegations in the first and second sentences of

Paragraph 118.  The allegations in the third sentence of Paragraph 118 consist of legal

conclusions to which no response is required.  To the extent a response is required, the

allegations are denied.

119.　　　Federal Defendants deny the allegations in Paragraph 119.

120.　　　Federal Defendants deny the allegations in Paragraph 120.

121.　　　The allegations in the first sentence of Paragraph 121 purport to quote or

characterize federal regulations, which speak for themselves and are the best evidence of their content.  To the extent the allegations are inconsistent with the federal regulations, they are denied.  The allegations in the second sentence of Paragraph 121 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

122.     Federal Defendants deny the allegations in Paragraph 122.

### FIFTH CAUSE OF ACTION: VIOLATION OF THE
### NATIONAL HISTORIC PRESERVATION ACT AND APA

#### Arbitrary and Inadequate Consultation and Determination

123.     Federal Defendants incorporate by reference all prior paragraphs in this Answer.

124.     The allegations in Paragraph 124 of the Complaint purport to characterize a federal statute and regulation, which speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 124 are inconsistent with the federal statute and regulation, they are denied.

125.     Federal Defendants deny the allegations in Paragraph 125.

126.     Federal Defendants deny the allegations in Paragraph 126.

### PRAYER FOR RELIEF

The allegations in this section of the Complaint constitute Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

### GENERAL DENIAL

Any allegation not directly admitted or denied or otherwise responded to is denied. Federal Defendants deny any and all allegations of Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, qualified, or denied by this Answer.

Respectfully submitted this 30th day of March, 2020.

19

PRERAK SHAH
Deputy Assistant Attorney General
Environment & Natural Resources Division

*s/ Jacqueline M. Leonard*
JACQUELINE M. LEONARD (NY Bar
No. 5020474)
Trial Attorney
Natural Resources Section
ANDREW KNUDSEN (DC Bar No.
1019697)
Environmental Defense Section
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0493
       (202) 353-7466
Jacqueline.leonard@usdoj.gov
Andrew.knudsen@usdoj.gov

Of Counsel:
MELANIE CASNER
Office of the Chief Counsel

MEGAN ROSS
Assistant Division Counsel
Mississippi Valley Division

ANN TRAN
Assistant District Counsel
New Orleans District
United States Army Corps of Engineers

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2020, a copy of the foregoing was filed through the Court's CM/ECF management system and electronically served on counsel of record.

*/s/  Jacqueline M. Leonard*            .
Jacqueline M. Leonard
Trial Attorney
