IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS, *et al.*,<br><br>    *Defendants*,<br><br>and<br><br>FG LA LLC,<br><br>    *Defendant-Intervenor.* | Case No.: 1:20-cv-00103-RDM |

**PLAINTIFFS' STATUS REPORT**

In response to the Court's invitation to submit information concerning public notice and opportunity to comment on the discovery of the Acadia and Buena Vista cemeteries, Plaintiffs maintain that the Joint Public Notice that Defendant U.S. Army Corps of Engineers ("Corps") published for the permit at issue in this case was not sufficient and did not include "[a] statement of the district engineer's current knowledge on historic properties." 33 C.F.R. § 325.3(10). Unlike Defendants and Defendant-Intervenor, Plaintiffs are heeding this Court's guidance at the close of Wednesday's hearing and not submitting a brief on the issue of notice. Instead, we heard the Court's request for any documents that indicate adequate notice of this issue was delivered to the public in a timely manner, and we have none to offer, because there are none.

Further, it is Plaintiffs' position that the Court need not reach the issue of notice, or adequacy of notice, to admit the CEI Report and other extra-record evidence. As counsel for the Corps acknowledges "neither notice nor the opportunity for public comment is an independent ground for admitting extra-record evidence." ECF No. 56 at 2. They then simply re-argue the merits of the motion. Further, the new factors for which Plaintiffs seek to admit extra-record evidence—most importantly the Corps repeatedly mis-plotting the Acadia Cemetery, failing to survey one-third of that cemetery, and overlooking at least three other archeological anomalies that may be burial sites—were certainly were not contained in any public notice. Defendant-Intervernor's brief is similarly unavailing. By focusing on one commenter's 2018 knowledge of the cemeteries' discovery, which it credits without support to links within a link on the Louisiana Department of Natural Resources ("LDNR") webpage (ECF No. 57 at 2-3), as well as on the Louisiana Department of Environmental Quality's air permit process, it also fails to prove the adequacy of the Corps' notice and more importantly does not address the new factors. Again, these new factors include that its consultants mis-located and failed to fully evaluate the Acadia Cemetery in their surveys and unpublished reports. There was no way for anyone to know or evaluate the archeological reports or to identify the Corps' oversights until after its final permit decision, which is what the CEI Report illuminates.

Plaintiffs never received any communication from Defendants with respect to filing a joint status report today, hence our individual filing. On the issue of Plaintiffs' letter requesting that the Corps re-open the National Historic Preservation Act process, Plaintiffs only submitted that letter at the request of the Court. Plaintiffs are still awaiting an official response to this letter. They take no position on it becoming part of the administrative record in this matter, however much it illustrates the Corps' failure to meaningfully engage on this issue of grave importance.

Dated: September 4, 2020

Respectfully submitted,

s/ *Julie Teel Simmonds*
Julie Teel Simmonds, CA Bar No. 208282*
Emily Jeffers, CA Bar No. 274222*
Lauren Packard, CA Bar No. 317774*
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Ph: (510) 844-7100
jteelsimmonds@biologicaldiversity.org
ejeffers@biologicaldiversity.org
lpackard@biologicaldiversity.org

Catherine Kilduff, DC Bar # 1026160
CENTER FOR BIOLOGICAL DIVERSITY
801 Boush St., Ste. 200
Norfolk, VA 23510
Ph: (202) 780-8862
ckilduff@biologicaldiversity.org

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2020, I electronically filed the foregoing document and referenced attachment using the CM/ECF system. Service was accomplished by the CM/ECF system.

s/ *Julie Teel Simmonds*
Julie Teel Simmonds, CA Bar No. 208282
*Attorney for Plaintiffs*