# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, | |
| *Plaintiffs*, | |
| v. | |
| U.S. ARMY CORPS OF ENGINEERS, *et al.* | Civil  Case No. 1:20-cv-103-RDM |
| *Federal Defendants*, | |
| and | |
| FG LA LLC, | |
| *Defendant-Intervenor*. | |

## FEDERAL DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT BRIEFING PENDING RESOLUTION OF MOTION FOR VOLUNTARY REMAND [Expedited Review Requested]

## INTRODUCTION

Federal Defendants U.S. Army Corps of Engineers and Lt. General Todd T. Semonite (collectively "Corps") issued a permit under the Clean Water Act and the Rivers and Harbors Act ("the permit") authorizing FG LA, LLC ("FG LA") to clear, excavate, and place fill material into jurisdictional wetlands and other waters of the United States and to perform work in navigable waters of the United States, to construct a petrochemical facility in Welcome, Louisiana. Plaintiffs challenged the permit and the Court ordered expedited summary judgment briefing. Minute Order, July 24, 2020. During its review of the permit, it has now come to the Corps' attention that an element of the permit warrants additional evaluation. The Corps expects to take regulatory action on the permit and issue a formal decision consistent with its established process for doing so. *See* 33 C.F.R. § 325.7 (authorizing Corps to reevaluate permit and suspend, modify, or revoke permit after further review). The Corps is currently undertaking the process set forth in 33 C.F.R. § 325.7 and expects that the formal notice elucidating its reasoning will be issued by November 10, 2020. Importantly, that regulatory process will result in a new final agency action. In other words, the Section 325.7 process will conclude in a new final agency action based on a new administrative record. At that point, the current permit will no longer be the operative final agency action with regard to the claims presented in Plaintiffs' Complaint. Once the Corps issues notice, the Corps intends to file a motion seeking to remand this case or other similar appropriate relief.

In light of these developments, the Corps respectfully requests that the Court stay summary judgment briefing until resolution of the Corps' forthcoming remand motion. Counsel for Federal Defendants contacted counsel for Plaintiffs and Intervenor on November 3 regarding the instant Motion. Plaintiffs reserve their position on this Motion until given an opportunity to

review, while Intervenor does not oppose a stay of the pending deadlines, but otherwise reserves its rights.

The Corps recognizes that its cross-motion for summary judgment is due tomorrow, November 5. However, the Corps' administrative processes as described above have just occurred and the Corps is providing notice to the Court as soon as practicable. The Corps respectfully requests that the Court expedite its ruling on this motion. The Corps was unable to file this motion at least three days before its deadline for filing a cross-motion for summary judgment as this issue just arose and internal deliberations and drafting time were required to facilitate this filing. These are extraordinary circumstances that merit expedited consideration of this motion.

## BACKGROUND

### A.      The Clean Water Act

The Clean Water Act prohibits "the discharge of any pollutant," including spoil, dirt, and rock, into "navigable waters," defined as "the waters of the United States" without a permit issued under Section 404 of the Act. 33 U.S.C. §§ 1311(a), 1362(6), 1362(7), 1362(12). Waters of the United States include special aquatic sites, such as wetlands. 40 C.F.R. §§ 230.3(m), 230.41. Section 404 of the Clean Water Act authorizes the Corps to issue permits for discharges of "dredged or fill material" into waters of the United States. 33 U.S.C. § 1344(a). The Corps reviews permit applications to ensure compliance with statutorily mandated regulations known as the "Section 404(b)(1) Guidelines," codified at 40 C.F.R. Part 230, and its permit regulations at 33 C.F.R. Parts 320-332. *See* 33 U.S.C. § 1344(b)(1).

The Corps has express authority to reevaluate, modify, or suspend its permits. 33 C.F.R. § 325.7. If the Corps suspends a permit, the permittee must cease all activities authorized by the

permit. *Id*. § 325.7(c). Once it suspends a permit, the Corps then decides to reinstate, modify, or revoke the permit. *Id*.

### B.    The FG LA project and the permit

The project involves the construction of a petrochemical complex and marine facility near Welcome, Louisiana in St. James Parish by Defendant-Intervenor FG LA. Because the Project involves excavation and fill activities in jurisdictional wetlands and other waters of the United States, as well as work along the Mississippi River, FG LA applied for a permit under Section 404 of the Clean Water Act and Section 10 of the Rivers and Harbors Act from the Corps. *See* 33 U.S.C. § 1344 (Clean Water Act) and 33 U.S.C. § 403 (Rivers and Harbors Act).

The Corps evaluated FG LA's application for a permit under the Clean Water Act and the Rivers and Harbors Act, as well as the National Environmental Policy Act and the National Historic Preservation Act. The Corps issued the permit on September 5, 2019. Under Section 404 of the Clean Water Act, the Corps authorized FG LA to clear, grade, excavate, and place fill and aggregate material in wetlands and other waters of the United States. AR000001. Under Section 10 of the Rivers and Harbors Act, the Corps authorized activities in the Mississippi River, including construction of a barge dock and ship dock. AR000104. The permit requires FG LA to comply with special conditions, such as using specific procedures to minimize damage to aquatic resources and restoring areas within the batture to pre-construction elevations, as well as mitigation for permanent impacts to wetlands. AR000004-05 (special conditions); AR000105-06 (restoration of batture and mitigation measures). Limited construction activities have begun under the permit.

The Corps recently identified a portion of its permit analysis related to the Corps' alternatives analysis under the Clean Water Act that requires reevaluation. The Corps has notified FG LA of its intent to take action on the permit and, following its regulations, is in the process of drafting the

notice of agency action under 33 C.F.R. § 325.7. The Corps anticipates that the action will be taken within the next week.

## STANDARD OF REVIEW

Courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This authority is "incidental to the power inherent in every court to control" its docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court may grant a stay when it would serve "economy of time and effort for itself, for counsel, and for litigants." *Id*. When "an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency." *Anchor Line Ltd. v. Federal Maritime Commission*, 299 F.2d 124, 125 (D.C. Cir. 1962).

## ARGUMENT

A stay of summary judgment briefing is warranted here. The Corps will be issuing a notice to FG LA and filing a motion seeking remand of this case or any other similar appropriate relief. Following these actions, the Corps will evaluate a portion of its previous permit application review and decide whether to reinstate, modify, or revoke the permit. *See* 33 C.F.R. § 325.7. Under any of these outcomes, there will be no final agency action to review related to Plaintiffs' claims, and any review would have to await a new final agency action.

This Court should allow the Corps to conduct this reevaluation, consistent with the Corps' regulatory process, before reviewing the challenged permit. A voluntary remand of the permit for reevaluation under 33 C.F.R. § 325.7 may address some of the various concerns raised in the Complaint and Plaintiffs' motion for summary judgment, and it also reflects the Corps' authority and interest in reconsidering its own administrative decisions. *Mazalewski v. Treusdell*, 562 F.2d 701, 720 (D.C. Cir. 1977) (noting that the D.C. Circuit has "many times held that an agency has the inherent power to reconsider and change a decision . . . [.]"); *see also Code v.*

*McHugh*, 139 F. Supp. 3d 465, 468 (D.D.C. 2015) (recognizing an agency's "inherent power to reconsider their own decisions through a voluntary remand.") (internal citation omitted). This is true even for Corps permits for ongoing or completed projects. *Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*, 948 F.2d 1436, 1444 n. 25 (5th Cir. 1991) (identifying 33 C.F.R. § 325.7 as a source of such authority for Corps permits).

A stay of summary judgment briefing conserves judicial resources as well as party resources. As discussed above and as will be explained in the forthcoming remand motion, the Corps' regulatory process will result in a new final agency action and thus the summary judgment arguments against the permit will be moot. Here, efficiency calls for a stay of summary judgment proceedings. The Corps' action on the permit includes additional agency analysis that will include a new administrative record.

Finally, a motion to stay will not prejudice Plaintiffs. As part of the regulatory process, the Corps will issue a new final agency action that will authorize future activity, if any. As will be explained in the Corps' Section 325.7 notice, the intended construction activities authorized under the permit as originally issued may not proceed. Moreover, the permitee has agreed to limited work performed up to February 1, 2021 even if the permit remains operative. *See* ECF No. 33-1. Thus, there will be ample time to adjudicate the remand motion. Plaintiffs' alleged harm from construction associated with the permit will therefore not occur.

## CONCLUSION

For all of these reasons, the Court should stay the remaining deadlines for all filings related to summary judgment until the Corps files its motion for remand and the Court resolves that motion.

Respectfully submitted,

/s/ *Jacqueline Leonard*
PAUL E. SALAMANCA
*Deputy Assistant Attorney General*
Of Counsel:                           JACQUELINE LEONARD
                                      NY Bar No. 5020474
MELANIE CASNER                        Natural Resources Section
*Attorney*                            (202) 305-0493
U.S. Army Corps of Engineers          ANDREW KNUDSEN
                                      Environmental  Defense Section
                                      DC Bar No. 1019697
                                      (202) 353-7466
                                      United States Department of Justice
                                      Environment  and Natural Resources Division
                                      P.O. Box 7611
                                      Washington,  DC 20044