IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>    *Plaintiffs,*<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS, *et al.*,<br><br>    *Defendants,*<br><br>and<br><br>FG LA LLC,<br><br>    *Defendant-Intervenor.* | Case No.: 1:20-cv-00103-RDM |

**PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT BRIEFING PENDING RESOLUTION OF MOTION FOR VOLUNTARY REMAND**

On the eve of its deadline to file its Opposition to Plaintiffs' Motion for Summary Judgment, Defendant U.S. Army Corps of Engineers ("Corps") has asked the Court to stay briefing in this case. The spare reasoning provided by the Corps is that it has arrived at, but not yet finalized, a decision to suspend Defendant-Intervenor Formosa Plastics' Clean Water Act and Rivers and Harbors Act permits pursuant to 33 C.F.R. § 325.7(c).

The Corps should suspend the permit; indeed, the Corps ultimately should revoke the permit. Yet on the precise issue before Court—whether the Corps should get a reprieve from its imminent deadline despite its eleventh-hour and opaque plea—Plaintiffs are unopposed to a stay

1

of the current briefing schedule. Such a stay would allow the parties and the Court to evaluate the Corps' suspension decision, which would inform their positions on how it affects the posture of this case. The Corps notes that it "expects that the formal notice elucidating its reasoning will be issued by November 10, 2020." ECF No. 67 at 2. Plaintiffs urge the Corps to ensure that its notice provides the clarity needed for Plaintiffs and the Court to evaluate the Corps' forthcoming motion seeking remand. ECF No. 67 at 5.

Among the many questions that remain from the Corps' motion is whether the Corps' re-evaluation will indeed address, resolve, or displace any of the issues in this case. Plaintiffs' outstanding concerns and questions, which they communicated to the Corps today, include: (1) whether the agency will meaningfully revisit its suite of findings under the Clean Water Act, National Environmental Policy Act, and National Historic Preservation Act or only one narrow element under the Clean Water Act as indicated in its motion;[1] (2) whether there will be public notice and an opportunity for public comment that will inform the "new final agency action based on a new administrative record," ECF No. 67 at 2; (3) whether there will be a public hearing when the regulations invoked only contemplate a hearing if requested by the permittee;[2] and (4) the basis for their contention that the current suspension of activities through February 1, 2021 provides adequate protection of Plaintiffs' interests. ECF No. 67 at 6.[3]

---

[1] The Corps states only that "an element of the permit warrants additional evaluation." ECF No. 67 at 2; *id.* at 4 ("the Corps recently identified a portion of its permit analysis related to the Corps' alternatives analysis under the Clean Water Act that requires reevaluation.").

[2] 33 C.F.R. § 325.7(c) (permittee "may within 10 days of receipt of notice of the suspension, request a meeting with the district engineer and/or a public hearing to present information in this matter.").

[3] Plaintiffs expected a decision on the merits by February 1, not a resolution of a motion to remand, followed by the potential for a new or modified permit that would take many more months to challenge.

Plaintiffs will be seeking answers to these questions in the Corps' formal suspension decision and related correspondence. Accordingly, Plaintiffs are unopposed to the motion to stay the current briefing schedule, and respectfully request that the Court order the Corps to file a status report along with its suspension notice within 24 hours of the notice's issuance and further direct the parties to confer to schedule timing for the Corps' forthcoming motion for a voluntary remand.

Dated: November 4, 2020

Respectfully submitted,

s/ *Julie Teel Simmonds*
Julie Teel Simmonds, CA Bar No. 208282*
Emily Jeffers, CA Bar No. 274222*
Lauren Packard, CA Bar No. 317774*
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Ph: (510) 844-7100
jteelsimmonds@biologicaldiversity.org
ejeffers@biologicaldiversity.org
lpackard@biologicaldiversity.org

Catherine Kilduff, DC Bar # 1026160
CENTER FOR BIOLOGICAL DIVERSITY
801 Boush St., Ste. 200
Norfolk, VA 23510
Ph: (202) 780-8862
ckilduff@biologicaldiversity.org

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs*