# EXHIBIT 2



**DEPARTMENT OF THE ARMY**
U.S. ARMY CORPS OF ENGINEERS, NEW ORLEANS DISTRICT
7400 LEAKE AVE NEW ORLEANS LA 70118-3651

Operations Division
Central Evaluation Section

**SUBJECT:** SUSPENSION OF PERMIT (MVN-2018-00159-CM)

# FINDINGS FOR SUSPENSION

1. Department of the Army (DA) permit MVN-2018-00159-CM was issued to FG LA, LLC, on September 5, 2019. This permit authorized the clearing, grading, excavation, and placement of fill material to construct and maintain a Greenfield Petrochemical Complex and Marine Facility (The Sunshine Facility) at an approximately 2,500-acre site on and adjacent to the Mississippi River, Right Descending Bank, in Welcome, Louisiana, in St. James Parish. FG LA has done only limited construction on site and has no plans to perform any work regulated by the Corps until February 2021 at the earliest.

2. On 15 Jan 2020, Center for Biological Diversity, Healthy Gulf, Louisiana Bucket Brigade and Rise St. James, filed a complaint against the US Army Corps of Engineers (Corps) in the United States District Court for the District of Columbia, challenging the New Orleans District's (MVN) decision to grant the DA permit. The basis for the complaint alleges violations of the National Environmental Policy Act (NEPA), Rivers and Harbors Act, Clean Water Act (CWA) and National Historic Preservation Act. In responding to the litigation, the Corps identified a portion of its permit analysis related to the Corps' alternatives analysis under the CWA, which requires re-evaluation. While the issues the Corps identified with its alternatives analysis alone provide a sufficient basis to suspend and reevaluate the permit, the Corps may also consider additional issues as appropriate during the re-evaluation.

3. As noted in the Memorandum for Record, the Corps considered thirteen alternative sites, but eliminated five alternative sites in Ascension Parish from further NEPA and CWA 404(b)(1) analysis solely because that Parish was presumed to be designated by EPA in nonattainment status under the Clean Air Act (CAA). See e.g. Memorandum for the Record, Subject: Department of the Army Environmental Assessment and Statement of Findings for the Above-Referenced Standard Individual Permit Application at 35 (Sept. 5, 2019). The Corps considered the remaining eight alternative sites in St. John the Baptist and St. James Parishes in the NEPA and 404(b)(1) alternatives analysis because they were designated attainment status under the CAA. Id. The elimination of the five alternative sites in Ascension Parish was based on erroneous information regarding the attainment status of those alternatives. Ascension Parish was assumed to be considered a non-attainment area but was in fact designated by EPA in

attainment status. See Additional Air Quality Designations for the 2015 Ozone National Ambient Air Quality Standards, 83 Fed. Reg. 25,776, 25,810-11 (June 4, 2018). This incorrect information does not support the conclusion to eliminate those five alternatives.

4. It is therefore necessary in consideration of the public interest to suspend the permit while the Corps considers whether to reinstate, modify, or revoke the permit because of this erroneous information. See 33 C.F.R. § 325.7 (a)&(c). The Corps will reexamine the alternatives analysis under the CWA and other aspects of the permit, if deemed appropriate.

5. The Corps will notify the permittee as required by 33 C.F.R. § 325.7(c). During the suspension, the Corps will work with the permittee to get the information needed for this re-evaluation and will make a decision as expeditiously as possible on whether to reinstate, modify, or revoke the permit.

6. In sum, the permitting authority granted by regulations empower the District Engineer to suspend, modify and revoke DA permits when it is in the overall public interest to do so. 33 C.F.R. § 325.7(a) – (e). With these findings, I have determined that immediate suspension of the subject DA permit would be in the public interest. Within 10 days of receipt of this notice of suspension, the permittee may request a meeting with me and/or a public hearing to present information in this matter. Thereafter, following completion of the reevaluation of the permit application including any additional information that may be provided by FG LA, I will take action to reinstate, modify, or revoke the permit.

7. MVN is committed to rendering a decision as to whether to reinstate, modify, or revoke the subject permit in a timely manner.

GAUTHIER.NEIL.TIMOTHY.1374288900
Digitally signed by GAUTHIER.NEIL.TIMOTHY.1374288900
Date: 2020.11.10 14:40:19 -06'00'

Preparer
Neil T. Gauthier
Senior Project Manager

Date

HERMAN.JOHN.MATTHEW.1119334280
Digitally signed by HERMAN.JOHN.MATTHEW.1119334280
Date: 2020.11.10 14:45:15 -06'00'

Reviewer
John M. Herman
Chief, Central Evaluation Section

Date

2

MAYER.MARTIN.STEVEN.1230824947
Digitally signed by MAYER.MARTIN.STEVEN.1230824947
Date: 2020.11.10 14:53:16 -06'00'

_____          _____
Reviewer                                                Date
Martin S. Mayer
Chief, Regulatory Branch

_____          11/10/2020
Approving Official                                     Date
COL Stephen F. Murphy
District Commander

3