IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>    *Plaintiffs,*<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS, *et al.*,<br><br>    *Defendants,*<br><br>and<br><br>FG LA LLC,<br><br>    *Defendant-Intervenor.* | Case No.: 1:20-cv-00103-RDM |

**PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' MOTION FOR VOLUNTARY REMAND WITHOUT VACATUR**

Plaintiffs do not oppose the voluntary remand of the challenged action pursuant to 33 C.F.R. § 325.7(c) so that Defendant U.S. Army Corps of Engineers ("Corps") can reevaluate its analysis of the Clean Water Act and Rivers and Harbors Act permit issued to Defendant-Intervenor Formosa Plastics. However, Plaintiffs do oppose Defendants' request, imbedded in their motion, that this Court dismiss this lawsuit while the permit is suspended and the agency conducts its reevaluation.

The Corps has suspended, not revoked, this permit. ECF No. 69-1 at 2 ("[t]he Corps has determined it to be in the public interest to suspend DA Permit MVN-2018-00159-CM so that we may re-evaluate the alternatives analysis under the Clean Water Act and other aspects of the

1

permit decision if appropriate"). Further, the Corps has only committed to reviewing one specific element of its permit decision under the Clean Water Act. ECF No. 69-2 at 2 ("the Corps identified a portion of its permit analysis related to the Corps' alternatives analysis under the CWA, which requires re-evaluation."). Specifically, the Corps' Findings for Suspension note that the agency eliminated five alternative sites in Ascension Parish from further consideration based on an erroneous assumption that the parish would not attain air quality standards under the Clean Air Act. *Id.* at 2–3. The Corps may consider additional issues "as appropriate" during the re-evaluation. *Id.* at 2.

Following its reevaluation, the Corps will issue a decision "to either reinstate, modify, or revoke [Formosa Plastics'] permit." ECF No. 69-1 at 2; *see also* ECF No. 69-2 at 3 ("the Corps will work with the permittee to get the information needed for this re-evaluation and will make a decision as expeditiously as possible on whether to reinstate, modify, or revoke the permit.").[1] In other words, it is a very real possibility that this permit will be reinstated or modified.

It is unclear at this moment whether and how the reevaluation will dispense with "some or all of the issues raised by Plaintiffs" as Defendants argue it "has the potential" to do. ECF No. 71 at 2; *see also id.* at 7 ("reevaluation may render moot some or all of the issues Plaintiffs have raised"). It is Plaintiffs' position that it behooves all parties to wait and see if it actually does. Defendants contend that dismissal is warranted because there will be a "new administrative record and a new final agency action superseding the agency action challenged here," ECF No.

---

[1] Notably absent in the process is any formal opportunity for public input. The Corps' suspension only invites the applicant, Formosa Plastics, to request a meeting with the district engineer and/or a public hearing. Further, the Corps only references additional information the applicant may provide, not other interested parties. ECF NO. 69-2 at 3. Nonetheless, Plaintiffs have submitted a request to the Corps for a public comment period and hearing as well as for clarification on the scope of activities authorized pending the permit's suspension and reevaluation. *See* Ex. 1.

2

71 at 2, but this statement glosses over the fact that, while labeled "new" by the Corps, the agency decision and administrative record may remain largely unchanged once the Corps has concluded its reevaluation process. Rather than "conserve the Court's and the parties' resources by avoiding needless litigation" as the Corps suggests remand will achieve, ECF No. 71 at 7, dismissal risks wasting those resources. A premature dismissal followed by an inadequate or incomplete reevaluation may well necessitate the initiation of a new lawsuit that will cover old ground the Court and parties have already traveled. Retaining jurisdiction will also help protect Plaintiffs' interests by ensuring that the Corps does not expand the scope of activities it has already authorized Formosa Plastics to take pending the permit suspension and reevaluation. *See* ECF No. 71 at 5–6. Defendants' invitation to dismiss the case at this point unnecessarily threatens to waste judicial resources and impede the effective and efficient disposition of this case, and it should be rejected.

Courts have routinely retained jurisdiction over cases in similar circumstances, often where the Corps itself has sought a stay in lieu of dismissal. This was the precise approach taken in a case on which Defendants rely to support their remand request. *Sierra Club v. van Antwerp,* 560 F.Supp.2d 21 (D.D.C. 2008) (Clean Water Act section 404 permit proceedings "stayed pending final Corps action on remand"); *see also* Order on Motion to Stay, *Save the Scenic Santa Ritas v. U.S. Army Corps of Eng'rs,* No. 4:19-cv-00177-TUC-JAS (D. Ariz. Oct. 17, 2019), ECF No. 102 (granting stay until the Corps "takes further action to reinstate, modify, or revoke the suspended Clean Water Act permit.") [Ex. 2].[2]

---

[2] This week, a state court judge in Louisiana retained jurisdiction over a challenge to Formosa Plastics' air permits and remanded the issue of pollution and health risks back to the Louisiana Department of Environmental Quality for a more thorough environmental justice analysis. Judgment, *RISE St. James v. La. Dep't of Env't Quality*, No. 694,029 (La. 19th District Dec. 14, 2020) [Ex. 3].

When the Corps completes its reevaluation, Plaintiffs commit to promptly assessing its practical implications on their claims and evaluating whether to seek leave to amend their Complaint or pursue dismissal. To facilitate a timely response to the outcome of the Corps' reevaluation, Plaintiffs respectfully request that the Court (1) retain jurisdiction over this case, (2) require the Corps to transmit all relevant decision documents to Plaintiffs' counsel within 24 hours of a final decision, and (3) require the parties to file a joint status report within ten days of the Corps' issuance of a final decision to present their position(s) on next steps for resolution of this lawsuit.

Dated: December 16, 2020

Respectfully submitted,

s/ *Julie Teel Simmonds*
Julie Teel Simmonds, CA Bar No. 208282*
Emily Jeffers, CA Bar No. 274222*
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Ph: (510) 844-7100
jteelsimmonds@biologicaldiversity.org
ejeffers@biologicaldiversity.org

Catherine Kilduff, DC Bar # 1026160
CENTER FOR BIOLOGICAL DIVERSITY
801 Boush St., Ste. 200
Norfolk, VA 23510
Ph: (202) 780-8862
ckilduff@biologicaldiversity.org

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of December, 2020, I electronically filed the foregoing document, exhibits, and proposed order using the CM/ECF system. Service was accomplished by the CM/ECF system.

*s/ Julie Teel Simmonds*
Julie Teel Simmonds, CA Bar No. 208282
Attorney for Plaintiffs
