IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>U.S. ARMY CORPS OF ENGINEERS, *et al.*,<br><br>        Defendants,<br><br>  and<br><br>FG LA LLC,<br><br>        Defendant-Intervenor. | Case No. 1:20-cv-00103-RDM |

**DEFENDANT-INTERVENOR FG LA LLC'S REPLY IN SUPPORT OF
FEDERAL DEFENDANTS' MOTION FOR VOLUNTARY REMAND
WITHOUT VACATUR [DKT. 71]**

Defendant-Intervenor FG LA LLC ("FG") has no objection to Federal Defendants' Motion for Voluntary Remand Without Vacatur (D.E. 71). Plaintiffs likewise support remand without vacatur. D.E. 73 at 1. Plaintiffs oppose, however, Federal Defendants' request to dismiss this lawsuit, instead asking the Court to keep their case alive during the remand. *See* D.E. 73 at 1, 4. Federal Defendants correctly request dismissal rather than a stay. The Army Corps of Engineers' reevaluation process will produce a new final agency action with a different administrative record, rendering Plaintiffs' current complaint obsolete. Because Plaintiffs miss that key point, dismissal is the appropriate outcome.

In explaining the request for dismissal, Federal Defendants have pointed out that "[t]he Corps will ultimately take new action to either reinstate, modify, or revoke the Permit, resulting in a new agency action and administrative record." D.E. 71 at 8. "Given the suspension and the forthcoming new agency action," Federal Defendants explain, "there is no claim in Plaintiffs'

complaint for the Court to adjudicate." *Id.* Plaintiffs do not dispute that the requested remand would therefore render their existing challenge "moot." *Id*. at 7. Nor do Plaintiffs deny that this remand would render Plaintiffs unable to "demonstrate standing or ripeness" for "their claims as currently pled." *Id.* at 8 n.2. Because standing, ripeness, and mootness are jurisdictional issues, Plaintiffs do not have the luxury of ignoring them.

Instead of showing how a case or controversy could possibly remain if the Court grants the unopposed remand, Plaintiffs raise different points. They question whether the Corps will make *enough* changes to the administrative record. D.E. 73 at 2 (noting that "the Corps has only committed to reviewing one specific element of its permit decision" while Plaintiffs have challenged many others); *id.* at 3 ("the agency decision and administrative record may remain largely unchanged"). And they question whether the remand will actually dispense with "some or all" of the issues Plaintiffs raise in this suit. *Id.* at 2. But neither question Plaintiffs raise overcomes the justiciability flaw noted above. "A foundational principle of Article III is that an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Trump v. New York*, No. 20-366, slip op. at 3 (U.S. Dec. 18, 2020) (per curiam) (citation and internal quotation marks omitted); *see also id*. at 4 (noting that "contingencies and speculation" pervading the case "impede judicial review"). In short, Plaintiffs have failed to explain what "jurisdiction" this Court would purport to "retain" if it does not dismiss. D.E. 73 at 4; *see Trump*, slip op. at 7 (remanding "with instructions to dismiss for lack of jurisdiction").

Another judge of this Court properly declined to retain jurisdiction under the same circumstances. In *American Wild Horse Preservation Campaign v. Salazar*, 115 F. Supp. 3d 1 (D.D.C. 2012), as in this case, the agency undertook to reevaluate the challenged agency action through a remand. There, as here, because the agency had elected to reconsider the decision at issue, "the plaintiffs' claims with respect to that decision [we]re no longer ripe for review." *Id.* at 4. There

simply was "no agency decision for the Court to consider at th[at] time." *Id.* (adding it was not possible to know what the agency will decide when it considers the additional information). Because the plaintiffs' claim in that case "rest[ed] upon contingent future events that may not occur as anticipated, or indeed may not occur at all, it [wa]s not presently fit for judicial review." *Id.* (quoting *AstraZeneca Pharms. LP v. FDA*, 850 F. Supp. 2d 230, 243 (D.D.C. 2012)). The same is true here, making dismissal the correct outcome.

Plaintiffs note that if they are dissatisfied with the Corps' reevaluation it "may well necessitate the initiation of a new lawsuit that will cover old ground the Court and parties have already traveled." D.E. 73 at 3. Although Plaintiffs say this "threatens to waste judicial resources," *id.*, they do not explain how keeping an obsolete complaint alive would be more efficient. In either scenario, upon completion of the Corps' reevaluation, Plaintiffs would need to draft a different complaint challenging different agency action based on a different record. More importantly, a new lawsuit is what the law requires when the original one is rendered non-justiciable.[1] Nor can Plaintiffs escape that outcome by expressing concerns with how the Corps might choose, at some future date, to exercise its unreviewable enforcement discretion. *Compare* D.E. 73 at 3 (pointing to the Corps' statement that it will allow FG to undertake activities that are either necessary to prevent adverse impacts while the permit is suspended or beyond the Corps' jurisdiction, and expressing Plaintiffs' desire to prevent the Corps from "expand[ing]" activities it will allow); *with Baltimore Gas & Elec. Co. v. FERC*, 252 F.3d 456, 459 (D.C. Cir. 2001) (agency decisions not to exercise enforcement authority are unreviewable).

The Court should enter Federal Defendants' version of the proposed order.

---

[1] FG disagrees that the Corps needs to reevaluate the permit or suspend its operation during such a reevaluation. FG maintains that the permit as originally issued is fully supported by the present administrative record. But, in light of the Corps' decisions, FG agrees with Federal Defendants that the proper steps to follow are remand without vacatur and dismissal of the lawsuit.

Dated:  December 23, 2020

Alexander N. Breckenridge V (#983736)
Michael C. Drew (*pro hac vice*)
Marjorie A. McKeithen (*pro hac vice*)
JONES WALKER, LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA  70170
(504) 582-8000
abreckinridge@joneswalker.com
mdrew@joneswalker.com
mmckeithen@joneswalker.com

Respectfully submitted,

 /s/ William S. Scherman
William S. Scherman (#384860)
David Debold (#484791)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com
ddebold@gibsondunn.com

*Counsel for FG LA LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2020, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

    /s/ William S. Scherman
William S. Scherman (#384860)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
wscherman@gibsondunn.com

*Counsel for FG LA LLC*