UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,

    *Plaintiffs*,

v.

U.S. ARMY CORPS OF ENGINEERS, *et al.*,

    *Defendants,*

and

FG LA LLC,

    *Defendant-Intervenor*.

Civil Action No. 20-103 (RDM)

**MEMORANDUM OPINION**

    Sometimes, in the midst of a legal challenge to an agency action, the agency itself develops doubts about its action (or the process that led to it) and voluntarily suspends its rule to allow for further consideration. The question then becomes what should happen to the pending lawsuit.

    In this case, the U.S. Army Corps of Engineers' ("the Corps") issued a permit allowing FG LA LLC ("FG") to construct a large plastics manufacturing plant in St. James, Louisiana. Plaintiffs brought suit under the Administrative Procedure Act ("APA") challenging the Corps' issuance of the permit, and FG intervened in defense of the Corps' action. *Ctr. for Biological Diversity v. U.S. Army Corps of Eng'rs*, No. 20-cv-103, 2020 WL 5642287, at *1 (D.D.C. Sept. 22, 2020). Shortly after the Court granted in part and denied in part Plaintiffs' Motion to Admit Extra-Record Evidence, Dkt. 61, Plaintiffs moved for summary judgment, Dkt. 62. The day

before the Corps and FG were to file their oppositions and cross-motions, however, the Corps filed a motion seeking to stay the briefing schedule, Dkt. 67.  The Corps explained that it had "come to [its] attention that an element of the permit warrants additional evaluation" and that a motion for voluntary remand would be forthcoming.  *Id.* at 2, 5.  Plaintiffs did not oppose the stay, Dkt. 68, and the Court accordingly granted the motion.  Minute Order, November 5, 2020.

On November 10, 2020, the Corps notified FG that the agency was suspending the permit at issue in this litigation to allow reevaluation of "the alternatives analysis under the Clean Water Act [("CWA")] and other aspects of the permit decision if appropriate."  Dkt. 69-1 at 2.  Other than actions necessary for "a controlled wind-down of permitted activities to stabilize the site . . . or activities that do not require Corps authorization under" the relevant CWA provision, progress at the construction site has ceased during the suspension.  Dkt. 71 at 6.  Then, on December 2, 2020, the Corps moved for a voluntary remand without vacatur and to dismiss the complaint.  Dkt. 71.

All parties agree that the Court should remand the matter without vacatur, which the Court will do.  But the parties dispute whether the Court should retain jurisdiction while the matter is on remand or, rather, should dismiss the complaint.  In the view of the Corps and FG, the Corps' suspension of the permit means that the agency will need to take some further action, reinstating, modifying, or revoking the permit; this further action will involve a new and different administrative record; as a result, the Corps' prior issuance of a permit no longer constitutes final agency action for purposes of the APA; and that the Court should, accordingly, dismiss the action.  If the Corps subsequently reinstates the permit or issues a modified permit to which Plaintiffs object, Plaintiffs can, in the view of the Corps and FG, simply bring a new action; there is no reason, however, to retain jurisdiction pending the agency's further decision.

Plaintiffs disagree. In their view, it is not uncommon for courts to retain jurisdiction over APA challenges while on remand, and that is what the Court should do here.

Although a close question, the Court agrees with the Corps and FG that dismissal is the most prudent course. When a challenge to an agency proceeding is on remand, the Court has discretion to retain jurisdiction over the case or to dismiss the action without prejudice. *Cobell v. Norton*, 240 F.3d 1081, 1108–09 (D.C. Cir. 2001) (citing cases in which courts have decided to retain jurisdiction during remands and referring to such relief as within "a district court's equitable powers" (internal quotation marks omitted)); *Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 41 (D.D.C. 2008). For the following reasons, the Court will decline to retain jurisdiction over the present dispute.

First, any post-remand proceedings in this case will necessarily focus on the action the Corps takes on remand. As the Corps explains, its

> reevaluation of the [p]ermit will result in a new administrative record and a new final agency action superseding the agency action challenged here. While the [p]ermit is suspended and until the Corps undertakes new agency action, none of the activities that the [p]ermit authorized may proceed, with the exception of limited work necessary to safely wind down FG's previously undertaken activities.

Dkt. 71 at 2. That reevaluation, moreover, will involve questions that go to the core of the agency's decision to issue the permit that it did; the Corps now acknowledges that its Memorandum of Record "may have been insufficient to support eliminating five alternative sites . . . from its alternatives analysis" and that, on remand, it will need to decide "whether it correctly determined that there are no practicable alternatives to FG's proposed project that would have less adverse impacts, as well as other issues the Corps may deem appropriate." *Id.* at 7. Were the Corps to decide on remand that an alternative site is appropriate, for example, that would fundamentally alter the challenge, if any, that Plaintiffs might bring. But, in any event,

3

because the Corps contemplates taking a new, final agency action, it seems likely that Plaintiffs would need to file a supplemental complaint challenging that action, and it seems likely that the Corps would need to file a new administrative record.  In short, even were this Court to retain jurisdiction, the case would likely need to start from scratch with a new final agency action, a new complaint, and a new administrative record.  Although portions of the old and new case might well overlap, the initiation of a new proceeding would avoid confusion regarding the issues properly before the Court.

Second, courts most often retain jurisdiction over proceedings while on remand in "cases alleging unreasonable delay of agency action or failure to comply with a statutory deadline," in "cases involving a history of agency noncompliance with court orders or resistance to fulfillment of legal duties," *Baystate*, 587 F. Supp. 2d at 41, and in cases in which the court has issued specific instructions to guide the agency on remand, *Matson Navigation Co. v. U.S. Dep't of Transp.*, No. 18-cv-2751, 2020 WL 4816460, at *2 (D.D.C. Aug. 19, 2020).  Likewise, where a remand is only for the purposes of clarifying an issue in the administrative record, a court might reasonably remand the action without vacatur to permit supplementation or clarification of the record or to permit the agency to clarify reasoning that was not pellucid.  In such circumstances, the remand serves to facilitate judicial review, and it is often appropriate for the court to retain jurisdiction.  But none of these reasons for retaining jurisdiction is present here:  Plaintiffs would have little ground to object if the Corps were to take an excessive amount of time in resolving the remand, since the permit has been suspended pending further agency action; this Court has yet to enter any order that might require agency compliance; and the proposed remand is not for the purpose of facilitating judicial review.

More generally, Plaintiffs have failed to identify any purpose that would be served if the Court were to retain jurisdiction during the remand.  Their request that the Court require the Corps to transmit all relevant decision documents to Plaintiffs within 24 hours of final action, Dkt. 73 at 4, is both unnecessary and unsupported.  The Corps has represented that it will "provide a copy of its final decision on reevaluation of the [p]ermit and any supporting memorandum for the record to Plaintiffs . . . within three business days after giving notice of that decision to" FG, Dkt. 76 at 6, and Plaintiffs have failed to explain why they need more expeditious notice and have failed to identify any rule or precedent supporting their request.

The Court will, accordingly, remand the matter without vacatur for further action consistent with the Corps' representations before this Court and will dismiss the action in light of the suspension and remand.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  January 1, 2021